**IN RE: GROUPWARE INTERNATIONAL INC. WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**

**Jerry Joiner, et al. v. Groupware International Inc., M.D. Florida, C.A. No. 8:09–1943**

**Yuri Reyes, et al. v. Groupware International Inc., et al., S.D. Florida, C.A. No. 1:10–21247.**

**MDL No. 2180.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants Groupware International Inc. (Groupware) and Ronald Dean, Jr., Groupware's owner, move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Florida. The defendants' motion encompasses two actions pending, respectively, in the Middle District of Florida and the Southern District of Florida.[1] Plaintiffs in both actions oppose the motion.

---

1. The motion initially encompassed four actions; however, all current and opt-in plaintiffs in two of those actions—*Frank Colina, et al. v. Groupware International Inc., et al.*, S.D. Florida, C.A. No. 1:10–20304; and *Derrick*

*Gamble, et al. v. Groupware International Inc., et al.*, W.D. North Carolina, C.A. No. 3:09–505—became plaintiffs in the Middle District of Florida action and dismissed their other actions.

After considering the argument of counsel, we are not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or to promote the just and efficient conduct of the litigation. Plaintiffs maintain that the plaintiffs in the Southern District of Florida *Reyes* action will pursue their claims within the Middle District of Florida collective action and dismiss their action in the Southern District of Florida, as the plaintiffs in the two other actions initially encompassed by the motion have done. Even if both actions remain pending, the present litigation includes just two actions in adjacent districts within the same state, and the two actions are in different procedural stages. Given the limited number of parties and actions, and their geographic proximity, counsel in both actions can avail themselves of alternatives to transfer under Section 1407 to avoid duplicative pretrial proceedings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.